**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4585**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE DOUGLAS LAWS,

Defendant - Appellant.

**No. 17-4592**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE DOUGLAS LAWS,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:17-cr-00035-HEH-1; 3:17-cr-00099-HEH-1).

Submitted:  August 16, 2018                         Decided:  August 20, 2018

Before DUNCAN, WYNN, and FLOYD, Circuit Judges.

———————————————

Affirmed by unpublished per curiam opinion.

———————————————

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Alexandria, Virginia, Valencia D. Roberts, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Jin Ah Lee, Angela Mastandrea-Miller, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Antoine Douglas Laws of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Laws to 115 months' imprisonment. At the time Laws committed this offense, he was on supervised release for a 2013 felon-in-possession-of-a-firearm conviction. Based on Laws' admission to violating the terms of his supervision, the district court revoked his supervised release and imposed a 24-month statutory maximum sentence, to run consecutively to the 115-month sentence for the instant firearm conviction.

This court consolidated Laws' appeals from the firearm offense and revocation judgments. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in denying Laws' motion to suppress and whether the revocation sentence was procedurally reasonable. Laws has filed a pro se brief also contesting the district court's denial of his motion to suppress. We affirm.

Counsel first challenges the district court's denial of Laws' motion to suppress the firearm found in Laws' bag located in his companion's vehicle on the basis that his companion did not have authority to consent to a search of the bag. Counsel concedes that the search can alternatively be justified as a search incident to arrest. Laws asserts in his pro se brief that law enforcement lacked authorization to conduct an earlier search of his motel room and that the statements of a companion, which alerted officers to the location of the firearm, were coerced. Laws further contends that the vehicle search was

3

not a proper search incident to arrest because officers searched his motel room between arresting him and searching the vehicle.

In reviewing a district court's denial of a defendant's motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error, construing the evidence presented in the light most favorable to the Government. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). Warrantless searches "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (internal quotation marks omitted). Pursuant to the search-incident-to-arrest exception, as relevant here, when an officer lawfully arrests the occupant of an automobile, a search of the vehicle is justified "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 343 (2009) (internal quotation marks omitted). In this scenario, "the offense of arrest will supply a basis for searching the passenger compartment of [the] vehicle and any containers therein." *Id.* at 344.

We perceive no error in the district court's denial of Laws' motion to suppress. The search of the vehicle and the bag containing the firearm was justified as a search incident to Laws' arrest. One of the warrants for Laws' arrest charged him with the use of a firearm in the commission of a felony, and officers suspected that Laws had a gun with him on the day of his arrest. Thus, after removing Laws from the vehicle and arresting him, officers had authority to search the passenger compartment of the vehicle and the plastic bag inside for a firearm. *See id.* at 343-44. Laws' contention that the

4

officers' intervening search of the motel room rendered the search of the vehicle improper is unavailing.

Counsel next challenges the procedural reasonableness of Laws' revocation sentence, contending that in calculating Laws' policy statement range, the district court erroneously used Laws' criminal history category at the time of the revocation hearing rather than his criminal history category at the time his supervised release was imposed. We review a sentence imposed upon revocation of supervised release to determine whether "it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). We determine reasonableness by generally following the procedural and substantive considerations used in reviewing original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). In analyzing a revocation sentence, we apply "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. 18 U.S.C. § 3583(e) (2012); *Crudup*, 461 F.3d at 438-39.

Where, as here, a defendant fails to object to the district court's calculation of the revocation range, we review for plain error. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "To establish plain error, [a defendant] must show (1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his

5

substantial rights, meaning that it affected the outcome of the district court proceedings." *Id.* at 640-41 (internal quotation marks omitted). However, even if a defendant makes such a showing, we will correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 641 (brackets and internal quotation marks omitted).

We agree that the district court erred in calculating Laws' policy statement range using Laws' criminal history category at the time of the revocation hearing rather than his lower criminal history category at the time of his original sentence. *See* U.S. Sentencing Guidelines Manual § 7B1.4, p.s., cmt. n.1 (2016). However, even assuming that this error was plain, Laws cannot show that it violated his substantial rights. While the error resulted in a higher policy statement range, the record indicates that the district court would have arrived at the same sentence had it started at a lower range—the court grounded the statutory maximum sentence in Laws' breach of trust, citing Laws' commission of a major felony six months after his release from prison and his refusal to cooperate with his probation officer. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) ("There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist"; "[t]he record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."). Accordingly, we conclude that Laws fails to satisfy the plain error standard.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's

judgments. This court requires that counsel inform Laws, in writing, of the right to petition the Supreme Court of the United States for further review. If Laws requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Laws.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*